## FARLEY *v.* SMITH.

Assumpsit before a justice of the peace.   Declaration on a promise to deliver the plaintiff a hogshead of tobacco, with the money counts; but nothing said in the declaration as to any instrument of writing.   Judgment for the plaintiff. The defendant appealed, and the justice sent up the declaration, and also a,

note purporting to be given by the defendant to the plaintiff for a hogshead of tobacco. Judgment on appeal for the appellee. *Held*, that this Court could not, under these circumstances, presume that the note was the cause of action, or that it was offered in evidence in the Court below. *Held*, also, that the judgment of the Circuit Court is presumed to be correct, unless the record show the contrary.

*Wednesday,*
*May* 30.

ERROR to the *Marion* Circuit Court. *Smith* sued *Farley* before a justice of the peace and obtained a judgment. *Farley* appealed to the Circuit Court, and a judgment was there also rendered against him.

STEVENS, J.—This was an appeal tried in the *Marion* Circuit Court, upon a transcript of the judgment and proceedings of a justice of the peace. The action is assumpsit, and the declaration contains four counts, all founded upon promises averred to be made on the 29th of *April*, 1825. The 1st count is for a hogshead of tobacco payable on the 1st of *March*, 1826, to be first rate, and to weigh 1,100 pounds, averred to be worth 33 dollars; the 2d count is for 40 dollars money lent and advanced; the 3d count is for goods, wares, and merchandize, worth 40 dollars; and the 4th count is for 40 dollars' worth of work and labour. There is no instrument in writing declared on or mentioned in any way in the declaration. The defendant pleaded two pleas, one non-assumpsit, and the other non-assumpsit, supported by an affidavit of its truth. It appears of record by a bill of exceptions that, on the trial in the Circuit Court, the plaintiff introduced evidence to prove the hand-writing of the subscribing witnesses, and the identity of the defendant's person; and the defendant introduced evidence to prove that he did not, on the 29th of *April*, 1825, execute a note to the plaintiff, but that if he ever did give the plaintiff a note for tobacco, it was given in *April*, 1823, payable the 1st of *March* following.

The Court decided, that it was immaterial to the plaintiff's right to recover in the cause, whether the note was executed in *April*, 1823, and payable in the month of *March* next following, or was executed in *April*, 1825, and payable in the month of *March*, then next following, or whether the note was dated in 1823 or 1825.

No part of the record shows, nor does the bill of exceptions show, that any note was offered in evidence on the trial of the case, either before the justice of the peace or the Circuit Court, or that the judgment of the Court is founded on any note or

other particular evidence; nor does the record or bill of exceptions set out the evidence which sustained the case, and on which the Court founded the judgment. It is stated in the record, that the justice of the peace sent up to the Circuit Court with the transcript, an original appeal bond, the cause of action in these words, setting out the declaration, the defendant's bill of defence, and a note of hand in these words and figures, to wit, "On the 1st of *March* next, I will deliver to *Tho. Smith*, at *Johnston's* warehouse, one hogshead of tobacco, first rate, which shall weigh 1,100 pounds nett. Value rec'd. 29th *April*, 1825.— *William* ✕ *Farley*." And the caption of the transcript of the proceedings of the justice of the peace is in these words: "State of *Indiana, Marion* county. *Thomas Smith* v. *William Farley*, defendant. Plaintiff's demand on note for delivery of 1,100 lbs. tobacco, 33 dollars debt and 40 dollars damages, total 73 dollars." But in the body of the transcript no notice is taken of the note; nor is there any thing definite or certain about the note mentioned in the caption. We are not informed what its date was, to whom payable, or by whom made, or when payable. And the note, which the record informs us was sent up to the Circuit Court, and is set out at full length on the record, appears by express words not to be the cause of action.

The Court appears to have been substituted by the parties, to hear the evidence and try the issues, instead of a jury; and the plaintiff under the issues had a right to give parol evidence, under any of the counts in his declaration; he also had a right to give in evidence the note spread upon the record, or any other promissory note not under seal, which was due and payable from the defendant to the plaintiff at the time his suit was brought; and from the whole evidence the Court was, in this case, the proper tribunal to determine whether the plaintiff had sustained his action or not. It does not, however, appear that any note was given in evidence.

This Court is bound to presume, that the Court below decided correctly unless the contrary appears, and that could only be made appear, in this case, by spreading all the evidence given, on the record. This not having been done, the judgment of the Circuit Court must be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*C. Fletcher*, for the plaintiff.

*H. Gregg*, for the defendant.